# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**UNITED STATES OF AMERICA**

**VS.**                               **NO. 4:08CR00086-05-JM**

**JESUS OJEDA-MEDINA**

### ORDER

Pending is Defendant's Motion for Two Point Reduction (Doc. No. 244) based on Sentencing Guideline Amendment 782.

On September 16, 2010, Defendant was sentenced to 120 months in prison.[1] The sentence was based on total offense level of 35, criminal history category of I, and a guideline range of 168-210 months.

Under Amendment 782, Defendant's new total offense level would be 33, which would result in a guideline range of 135-168 months. However, Defendant's 120 month sentence is less than the new guideline range. Section 1B1.10(b)(2)(A) of the guideline manual reads:

> Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.[2]

The exception mentioned in subdivision (B) is for substantial assistance, which is not applicable here. Because Defendant's sentence, which was based on a variance, is less than the amended guideline range and the substantial assistance exception does not apply, he is not eligible for a reduction under Amendment 782.

Additionally, Defendant was sentenced to that statutory, mandatory minimum and the Court is without authority to go below the minimum.

---

[1] Doc. No. 234.

[2] U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 (2014).

Accordingly, Defendant's Motion for Two Point Reduction (ECF No. 244) is DENIED.

IT IS SO ORDERED this 24th day of November, 2014.

_____
UNITED STATES DISTRICT JUDGE